UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BENNIE CHRISP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:05-CV-239 WL |
| v. ) | |
| ) | |
| CITY OF FORT WAYNE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Bennie Chrisp, by counsel, filed a motion seeking to alter or amend this court's order granting him leave to proceed *in forma pauperis*. Based on Mr. Chrisp's *in forma pauperis* petition which was signed under penalty for perjury, this court accepted as true Mr. Chrisp's statement that he paid $35 a week in support of Devrenn Chrisp. Based on that assertion and the lack of an inmate trust fund ledger, the court inferred that he received at least $140 a month with which he made those payments. Using those figures, the court calculated that he owed an initial partial filing fee of $28.00.

Mr. Chrisp, by counsel, now argues that he does not receive that much money and that he does not pay $35 a week in support of Devrenn Chrisp. The motion asks this court to "modify and correct its Order to expressly state that the Plaintiff no longer receives $35.00 per week (or $140.00 per month)." Motion at 1 (docket # 25). The motion does not include an affidavit or declaration in support of these assertions nor does it explain how these events would have any impact on the order granting him leave to proceed *in forma pauperis*.

Though it is possible to infer that counsel is arguing that his client made a false statement under penalty for perjury on his *in forma pauperis* petition, because of the serious ramifications of such an assertion, the court cannot make such an assumption where there is another reasonable interpretation. Here it is also possible to infer that he is merely, unnecessarily, notifying the court that his client's subsequent support payments have changed. Such a notice is unnecessary because Mr. Chrisp is a prisoner and 28 U.S.C. § 1915 requires that, without regard to his indigency, he must pay the full filing fee. It also specifies a mathematical formula for calculating an initial partial filing fee and subsequent monthly payments. The formula for calculating the initial partial filing fee is based solely on the inmate trust account balance or receipts during the prior six months. Subsequent events have no bearing on this calculation.

For the foregoing reasons, the motion (docket # 25) is **DENIED**.

SO ORDERED.

ENTERED: September 30  , 2005

S/William C. Lee  
William C. Lee, Chief Judge  
United States District Court
